# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| Allegro Credit Services, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N19C-07-068 FWW |
| | ) | |
| v. | ) | |
| | ) | |
| Of a Feather, LLC, Jared Stamell, and | ) | |
| Susan Stamell, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 15, 2020
Decided: February 7, 2020

*Upon Defendant's Motion to Dismiss*
**GRANTED**

## ORDER

Sean J. Bellew, Esquire, Bellew, LLC, Red Clay Center at Little Falls, 2961 Centerville Road, Suite 302, Wilmington, DE, 19808; Attorneys for Plaintiff.

Ryan P. Newell, Esquire, Josiah R. Wolcott, Esquire, Connolly Gallagher, LLP, 1201 North Market Street, 20th Floor, Wilmington, DE, 19801; Attorneys for Defendants.

**WHARTON, J.**

This 7th day of February, 2020, upon consideration of Defendant's Motion to Dismiss and Plaintiff's Response, it appears to the Court that:

1.      On June 7, 2019, Defendant Of a Feather, LLC ("Feather") initiated an action in New York state court ("New York action") against Plaintiff Allegro Credit Services ("Allegro") by service of a "summons with notice".[1] That action alleges breach of contract, deceptive trade practices, and tortious interference.[2]

2.      Approximately one month later, on July 9, 2019, Allegro filed this action alleging breach of contract against Feather and its member managers, Jared and Susan Stamell (collectively "the individual defendants") for the same contract at issue in the New York action.[3]

3.      With the New York action still pending, on August 20, 2019, Allegro sought, and ultimately received, a default judgment from this Court against the Defendants.[4]

---

[1] A "summons with notice" is a court-initiating document permissible under New York's rules of civil practice. N.Y. C.P.L.R. 305 (McKinney) (The summons with notice option of CPLR 305(b) permits the plaintiff to commence an action with minimal paperwork.). Moreover, in the New York action, the District Court identifies the summons with notice as the start of that action. *Of a Feather, LLC v. Allegro Credit Servs., LLC*, 2020 WL 85411, at *1 (S.D.N.Y. Jan. 7, 2020).
[2] *Of a Feather, LLC,* 2020 WL 85411, at *1.
[3] Complaint at ¶ 21-27; *See also* D. I. 34 (Exhibit A) (copy of the New York Summons and Notice and the subsequently filed New York Complaint). The Court is also certain that the actions involve the same contract because of disclosures made during oral argument on October 7, 2019.
[4] D. I. 9, 10.

4.      On August 23, 2019, Feather moved to dismiss this action in Delaware.

5.      On September 9, 2019, Feather filed its complaint in the New York state action.

6.      On September 16, 2019, Allegro responded to the Motion to Dismiss before this Court.

7.      On September 19, 2019, Feather filed motions in this Court to vacate the default judgments or, in the interim, to stay execution of the judgments.

8.      On October 7, 2019, after a hearing, this Court vacated the default judgments as to all parties.[5]

9.      On October 9, 2019, Allegro moved to remove the New York state action to the United States District Court for the Southern District of New York.[6]

10.      Feather's Motion to Dismiss this action raises three issues. The first issue alleges that the forum selection clause in the contract contains a New York law-governing clause and designates New York as the exclusive jurisdiction to litigate disputes raised under the contract.[7] The second issue requests dismissal, or alternatively, a stay, pursuant to the *McWane*[8] doctrine due to the pending New York

---

[5] D. I. 26.
[6] *Of a Feather, LLC*, 2020 WL 85411, at *1.
[7] Mot. to Dismiss at ¶ 4.
[8] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

action.[9] The third contends that this court lacks personal jurisdiction over the individual defendants.[10]

11.    Allegro asserts that the forum selection clause in the contract is solely applicable to Feather; that they had not been served a complaint in the New York action (as of September 19, 2019 when the motion was filed); and that this Court has personal jurisdiction over the individual defendants because Feather is a Delaware LLC acting as a "mere alter ego" of the individual defendants.[11]

12.    "Under Delaware law, the decision whether to stay or dismiss a Delaware action in favor of one first-filed in another jurisdiction is within the discretion of the Court."[12] In exercising its discretion, the court must consider the expense of duplicative time and effort as well as the possibility of inconsistent rulings and judgments that may occur because of multiple adjudications.[13] The *McWane* doctrine applies "not only where the parties and issues are identical, but also where there exists 'substantial or functional identity' between the two such that

---

[9] Mot. to Dismiss at ¶ 10.
[10] Id. at ¶ 11.
[11] Reply Mot. at 3-6.
[12] *Tulum Mgmt. USA LLC v. Casten*, 2015 WL 7456003, at *2 (Del. Ch. Nov. 20, 2015) (citing *Brookstone P'rs Acq. XVI, LLC v. Tanus*, 2012 WL 5868902, at *3 (Del. Ch. Nov. 20, 2012)); *see also McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).
[13] *Gainquick, LLC v The Touchard Family Trust*, 2019 WL 955295, at *1 (Del.Ch. Feb. 26, 2019) (quoting *Gen. Video Corp. v. Kertesz*, 2006 WL 2051023, at *3 (Del. Ch. July 19, 2006).

4

they 'arise out of a common nucleus of operative fact.'"[14] To be entitled to relief under *McWane*, Defendant must demonstrate: "(1) a first-filed prior pending action exists in another jurisdiction, (2) that action involves similar parties and issues, and (3) the court in the other jurisdiction is capable of rendering prompt and complete justice."[15]

13.     In its status report to the Court,[16] Defendants provide a copy of the complaint in the New York action, letters from the federal District Court judge, and a copy of a recent Memorandum Opinion and Order issued by the United States District Court for the Southern District of New York retaining the New York action in the District Court.

14.     While Allegro maintained in their September 16, 2019 response that they had not been served with a complaint in the New York action, an affidavit of service shows that Allegro received a "summons with notice" on June 7, 2019—approximately one month before this action was filed.[17] Further, the memorandum opinion confirms that the summons with notice was executed properly under New York law.  Thus, the first prong of the *McWane* test is satisfied.

---

[14] *Tulum*, 2015 WL 7456003, at *2 (quoting *Davis Int'l, LLC v. New Start Gp. Corp.*, 2005 WL 2899683, at *2 (Del. Ch. Oct. 27, 2005)).
[15] *Alixpartners, LLP v Benichou*, 2019 WL 488159, at *1 (Del.Ch. Feb. 07, 2019).
[16] D.I. 34.
[17] *Of a Feather, LLC*, 2020 WL 85411, at *1.

15. The New York action involves the same parties. While Feather is the defendant here, it initiated the action in New York against Plaintiff in this case, Allegro. Allegro filed this action against Feather and the individual defendants on the basis that Jared Stamell is the sole member owner of Feather and that Susan Stamell signed the contract at issue also. Thus, the Court finds "substantial or functional identity" between the parties in the two actions. Likewise, both actions involve the same issue. In the New York action, Feather alleges that Allegro contracted to refinance a loan and later refused to do so in breach of that contract.[18] In this action, Allegro alleges that the parties contracted to refinance the same loan and that Feather failed to remit a fee in breach of that contract.[19] Thus, the Court finds that the issues in both actions are the same and the second prong of *McWane* is satisfied.

16. The New York action is currently pending before the United States District Court for the Southern District of New York, where the presiding judge has issued a briefing schedule in light of its recent decision to keep the case in federal court. Further, while exclusivity is at issue, both actions concede that the parties originally consented to New York as the proper jurisdiction to litigate disputes.[20]

---

[18] D. I. 34 (Exhibit A: Supreme Court of the State of New York County of New York Complain at ¶ 7).

[19] Complaint at ¶¶ 11-17.

[20] Complaint at ¶ 8 ("While the Loan Commitment identifies that the parties consented to a New York forum for adjudication of disputes, it is not the exclusive

Thus, the Court finds that the United States District Court for the Southern District of New York can render prompt and complete relief.

17.     In accordance with the *McWane* doctrine and the efficient use of judicial resources, the Motion to Dismiss is **GRANTED** and the case is **DISMISSED**.


**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

forum for dispute resolution."); D. I. 34 (Exhibit A: Supreme Court of the State of New York County of New York Complain at ¶ 6) ("The parties agreed that courts in New York are the exclusive jurisdiction and venue for adjudication of any dispute between the parties under an theory of law and that New York is the governing law for those disputes.").